1
2
3
4

Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:    (213) 255-8837
Fax:    (213) 477-2069

5
6
7
8
9
10

HINMAN LAW GROUP, P.C.
JOHN S. HINMAN, State Bar No. 265581
john@hinmanlawgroup.com
SETH E. WORKMAN, State Bar No. 289213
seth@hinmanlawgroup.com
5855 E. Naples Plaza, Suite 217
Long Beach, California 90803
Telephone:   (562) 269-4713
Facsimile:   (562) 362-6512

11
12

Attorneys for Plaintiff
KIMBERLY MARROQUIN

13

**UNITED STATES DISTRICT COURT**

14

**CENTRAL DISTRICT OF CALIFORNIA**

15

16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| KIMBERLY MARROQUIN;<br><br>    Plaintiff,<br><br>   v.<br><br>UNIDENTIFIED LAPD OFFICER;<br>CAPTAIN RICHARD PAUL<br>STABILE; CITY OF LOS<br>ANGELES,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>1) **First Amendment Violations (42 U.S.C. § 1983)**<br>2) **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**<br>3) **Due Process—State-Created Danger (42 U.S.C. § 1983)**<br>4) ***Monell* Claim (42 U.S.C. § 1983)**<br>5) **Supervisory Liability (42 U.S.C. § 1983)**<br>6) **Negligence**<br>7) **Battery** |

1
2
3
4

> 8)  **Bane Act Violation (Cal. Civ. Code § 52.1)**
>
> **DEMAND FOR JURY TRIAL**

5        COMES NOW, Plaintiff, KIMBERLLY MARROQUIN, for her claims

6  against Defendants, UNIDENTIFIED LAPD OFFICER, CAPTAIN RICHARD

7  PAUL STABILE, and CITY OF LOS ANGELES, and each of them, complains and

8  alleges as follows:

9                         **INTRODUCTION**

10  1.     This civil rights action seeks compensatory and punitive damages from

11  Defendants for violating various rights under state law and the United States

12  Constitution in connection with the October 11, 2020 Lakers' Celebration and use of

13  force incident by Defendants against Plaintiff.

14                          **PARTIES**

15  2.      At all times herein relevant, Plaintiff, KIMBERLY MARROQUIN

16  ("Plaintiff"), an individual, was a resident of the County of Los Angeles, State of

17  California.

18  3.      At all times herein relevant, Plaintiff is informed and believes, Defendant CITY

19  OF LOS ANGELES ("CITY"), is and was a duly organized public entity, form

20  unknown, existing under the laws of the State of California.  At all times herein

21  mentioned, Defendant CITY has possessed the power and authority to adopt policies

22  and prescribe rules, regulations and practices affecting the Los Angeles Police

23  Department ("LAPD"), and particularly said Department's Patrol, Response To Public

24  Assemblies, Internal Investigations and Training, and Personnel Divisions and other

25  operations and subdivisions presently unidentified to Plaintiffs, and their tactics

26  methods, practices, customs and usages.

27  4.      At all relevant times, CITY was the employer of Defendant UNIDENTIFIED

28  LAPD OFFICER, and said individual was an employee and agent of CITY. Defendant

UNIDENTIFIED LAPD OFFICER is additionally liable pursuant to section 820(a)
for his/her actions and inactions as alleged herein.  The true name of defendant
UNIDENTIFIED LAPD OFFICER, is unknown to Plaintiff, who therefore sues this
defendant by such fictitious name as Defendant CITY refused to properly identify said
officer as alleged *infra*.  Plaintiff will seek leave to amend this complaint to show the
true name and capacity of this defendant when he/she has been ascertained.  The
UNIDENTIFIED LAPD OFFICER is responsible in some manner for the conduct and
liabilities alleged herein.

5.      At all relevant times, Defendant CAPTAIN RICHARD PAUL STABILE
("CPT. STABILE") was officer in charge of the LAPD's response to the Lakers'
Celebration that took place on or about October 11, 2020, and other operations and
subdivisions presently unidentified to Plaintiff, and its tactics methods, practices,
customs and usages.  Defendant CPT. STABILE was responsible for the management
and control of all LAPD responses to the Lakers' Celebration and other operations and
subdivisions of LAPD utilized at the Lakers' Celebration; for the selection,
promotion, supervision, training, discipline and retention of agents and employees
working within the LAPD at the Lakers' Celebration; and for the implementation of
policies and procedures within the LAPD regarding incidents similar to and including
the Lakers' Celebration.  Both prior to and during the Lakers' Celebration, Defendant
CPT. STABILE was regularly provided with reports concerning the unauthorized use
of less lethal munitions by LAPD officers as alleged herein. Pursuant to California
law and his duties as officer in charge on scene at the Lakers' Celebration, Defendant
CPT. STABILE is sued in his individual capacity, as a supervisor for his own culpable
action or inaction in the training, supervision or control of his subordinates, or his
acquiescence in the constitutional deprivations which this Complaint alleges, or for
conduct that showed reckless or callous indifference for others. Defendant CPT.
STABILE's affirmative conduct involves his knowing failure to ensure enforcement
of policies, rules or directives that set in motion a series of acts by others which he

knew or reasonably should have known would cause others to inflict a constitutional injury on Plaintiff. Defendant CPT. STABILE is additionally liable pursuant to section 820(a) for his actions and inactions as alleged herein.

6.     At all relevant times, Defendant CITY was the employer of Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, and subject to oversight and supervision by CITY's elected and non elected officials.

7.     At all times herein relevant, Defendant CITY was the employer and/or principal of Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE herein, and/or was and is legally responsible for the acts, omissions, and conduct of Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE herein, within the meaning of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and is liable to Plaintiff by reason thereof.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, was acting on the implied and actual permission and consent of Defendant CITY.

9.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

10.    Prior to the commencement of this action, Plaintiff presented a government tort claim with CITY in full and timely compliance with the California Tort Claim Act. Said claim has been expressly denied or denied by operation of law by CITY. Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with CITY.

11.    Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE did the acts and omissions hereinafter alleged willfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law.

//

//

**JURISDICTION AND VENUE**

12.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by the U.S. Constitution, the First Amendment, the Fourth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1367.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in County of Los Angeles, State of California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

   **A. Lakers' Celebration**

14.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

15.     On or around October 11, 2020, at around 9:15 p.m., Plaintiff was lawfully located on the northwest sidewalk of the intersection of 12th Street and S. Figueroa Street by the Staples Center as a part of lawfully assembled citizens celebrating the recent Lakers' NBA Finals win.  Without warning or provocation, Defendant UNIDENTIFIED LAPD OFFICER shot Plaintiff in the head with a less lethal rubber projectile round.  At all relevant times, Plaintiff was unarmed and never posed a threat to anyone.  At the time of Plaintiff being shot and prior thereto, an unlawful assembly was not declared by the LAPD and Defendant CPT. STABILE.

16.     This aforementioned violent attack on Plaintiff caused Plaintiff to sustain substantial physical and emotional injuries.

17.     Defendant UNIDENTIFIED LAPD OFFICER did not immediately report the use of force as he/she was required to do so, nor document the firing of the less lethal munition as required.  Defendant CPT. STABILE ratified and approved of the non-reporting use of force against Plaintiff and the non-documentation of the firing of the less lethal munition as required.

18.     As a direct result of Defendant UNIDENTIFIED LAPD OFFICER's excessive force, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, and incurred economic losses including but not limited to medical expenses and lost income.

### B. Public Records Act Requests

19.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

20.     The LAPD has body worn camera footage of the Lakers' Celebration and shooting of Plaintiff.

21.     On October 30, 2020, Plaintiff submitted a California Public Records Act ("CPRA") Request to CITY ford specific and identifiable records of digital copies of all videos concerning the incident, including body camera videos, MVARS, and surveillance video of the scene, and the identity of Defendant UNIDENTIFIED LAPD OFFICER who shot the projectile into Plaintiff's head.

22.     On November 5, 2020, CITY responded to Plaintiff's CPRA Request and refused to provide any video of the incident or to identify Defendant UNIDENTIFIED LAPD OFFICER.

23.     On November 5, 2020, Plaintiff sent a response to CITY indicating that California Penal Code § 832.7 required disclosure of body camera videos, MVARS, and surveillance video of the scene, and the identity of Defendant UNIDENTIFIED LAPD OFFICER who shot the projectile into Plaintiff's head.  The same information was requested again from CITY.

24.     Since November 5, 2020, CITY continued unlawfully to refuse to disclose responsive body camera videos, MVARS, and surveillance video of the scene, and the identity of Defendant UNIDENTIFIED LAPD OFFICER who shot the projectile into Plaintiff's head.

25.     The LAPD and CITY has a pattern and practice of refusing to disclose body worn camera footage of its officers that depicts unlawful activities on the public streets of the City of Los Angeles.

26.     The actions and omissions of Defendants set forth in the preceding paragraphs were a motivating and moving force behind the violations of Plaintiff's constitutional rights as set forth in this complaint.

## FIRST CLAIM FOR RELIEF

### First Amendment Violations (42 U.S.C. § 1983)

### (Against Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE)

27.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 26, as though fully set forth herein.

28.     At all times herein alleged, Plaintiff was engaged in constitutionally protected activity of freedom of expression, speech, and assembly, secured to her under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.     Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, illegally interfered with Plaintiff constitutionally protected activity of freedom of expression, speech, and assembly, as guaranteed to the Plaintiff under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     The actions of Defendants deprived Plaintiff of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

31.     As a result of the conduct of Defendants, Defendants are liable for Plaintiff's injuries, either because they were an integral participants in the violation of Plaintiff's Constitutional rights, or because they failed to intervene to prevent these violations.

32.     The conduct of Defendants was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff,

1  and therefore warrants the imposition of exemplary and punitive damages as to

2  Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE.

3  33.    Accordingly, Defendants UNIDENTIFIED LAPD OFFICER and CPT.

4  STABILE are liable to Plaintiff for compensatory and punitive damages under 42

5  U.S.C. § 1983.

6                        **SECOND CLAIM FOR RELIEF**

7     **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

8    **(Against Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE)**

9  34.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

10  33, as though fully set forth herein.

11  35.    The unjustified use of excessive force by Defendants UNIDENTIFIED LAPD

12  OFFICER and CPT. STABILE deprived Plaintiff of his right to be secure in his

13  person against unreasonable searches and seizures as guaranteed to Plaintiff under the

14  Fourth Amendment to the United States Constitution and applied to state actors by the

15  Fourteenth Amendment.

16  36.    The actions of Defendants deprived Plaintiff of  his right to be free from state

17  actions that shock the conscience under the Fourteenth Amendment's Due Process

18  Clause.

19  37.    As a result of the conduct of Defendants, they are liable for Plaintiff's injuries,

20  either because they were integral participants in the excessive force, or because they

21  failed to intervene to prevent these violations.

22  38.    The conduct of Defendants was willful, wanton, malicious and done with an

23  evil motive and intent and a reckless disregard for the rights and safety of Plaintiff,

24  and therefore warrants the imposition of exemplary and punitive damages as to

25  Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE.

26  39.    Accordingly, Defendants UNIDENTIFIED LAPD OFFICER and CPT.

27  STABILE are liable to Plaintiff for compensatory and punitive damages under 42

28  U.S.C. § 1983.

1

## THIRD CLAIM FOR RELIEF

2

### State Created Danger (42 U.S.C. § 1983)

3

**(Against Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE)**

4      40.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

5      39, as though fully set forth herein.

6      41.    Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE's actions

7      placed Plaintiff in an actual, particularized danger by creating and exposing Plaintiff

8      to an environment that permitted threats to her safety and well-being which they

9      would not have faced but for Defendants' actions and omissions.

10     42.    By Defendants' acts and omissions, Defendants acted with deliberate

11     indifference to the known and obvious dangers to Plaintiff's safety and well-being.

12     43.    The above acts of omissions of Defendants were undertaken while under color

13     of state law and resulted in the violation of Plaintiff's constitutional rights, as stated

14     herein.

15     44.    The actions of Defendants deprived Plaintiff of her right to be free from state

16     actions that shock the conscience under the Fourteenth Amendment's Due Process

17     Clause.

18     45.    As a result of the conduct of Defendants, Defendants are liable for Plaintiff's

19     injuries, either because they were integral participants in the violation of Plaintiff's

20     Constitutional rights, or because they failed to intervene to prevent these violations.

21     46.    The conduct of Defendants was willful, wanton, malicious and done with an

22     evil motive and intent and a reckless disregard for the rights and safety of Plaintiff,

23     and therefore warrants the imposition of exemplary and punitive damages as to

24     Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE.

25     47.    Accordingly, Defendants UNIDENTIFIED LAPD OFFICER and CPT.

26     STABILE are liable to Plaintiff for compensatory and punitive damages under 42

27     U.S.C. § 1983.

28     //

**FOURTH CLAIM FOR RELIEF**

*Monell* **Claim (42 U.S.C. § 1983)**

**(Against Defendant CITY)**

48.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 47, as though fully set forth herein.

49.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant CITY, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, engaged in the unconstitutional conduct and omissions as is specifically elaborated in ¶¶14-26 above.

50.     Defendant CITY is and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY and the LAPD possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and of the LAPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of responding to the unlawful use of force, to the lawful assembly of citizens, and to CPRA requests, by its rank and file, generally.

51.     At all times herein mentioned, Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE were employees of the LAPD acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for unlawful use of force, to respond to lawful assemblies of citizens in an unlawful manner, and to fail to CPRA requests, including

retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the LAPD and CITY.

52.     Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit acts of unlawful use of force, the response to lawful assemblies of citizens in an unlawful manner, and the failure to respond to CPRA requests, including retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and crimes under color of law, each ratified and approved by the LAPD and CITY.

53.     On and for some time prior to October 11, 2020 (and continuing to the present date), Defendant CITY, deprived Plaintiff of the rights and liberties secured to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

(a)     Employing and retaining as Police Officers and other personnel, including Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force, allowing citizens to lawfully assemble, and to respond to CPRA requests;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers , and other CITY personnel, including Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE, who are CITY Police Officers;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, preventing citizens from lawfully assembly and free speech, responding to CPRA requests, and covering up police misconduct. These customs and practices by CITY were condoned by said defendant in deliberate indifference to the safety and rights of its civilian, including Plaintiff;

(e) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of misconduct involving excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(f) Defendant CITY had knowledge, prior to and since this incident, of similar allegations of misconduct involving excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities, suppressing evidence, and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the rights of citizens;

(g)   Defendant CITY and LAPD refused to adequately discipline individual officers and employees found to have committed similar acts of misconduct involving excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(h)   Defendant CITY and LAPD refused to competently and impartially investigate allegations of misconduct involving excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities, and misconduct alleged to have been committed by Department employees;

(i)   Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

(j)   Defendant CITY and LAPD covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

(k)   Defendant CITY and LAPD knew of and sanctioned the custom and practice of misconduct involving excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(l)   Defendant CITY and LAPD failed to adequately supervise the actions of officers under their control and guidance;

(m)   Defendant CITY and LAPD historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees; and,

(n)   Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by October 11, 2020, and thereafter, represented the unconstitutional policies practices and customs of the CITY and LAPD.

54.   By reason and pursuant to the aforesaid policies, practices, customs, and usages of Defendant CITY and the LAPD, Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, along with economic damages in an amount according to proof at trial.

55.   Defendant CITY and the LAPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

56.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY and LAPD acted with an intentional, reckless, and callous disregard for the well-being of Plaintiff and her constitutional as well as human rights.  Defendant CITY and LAPD and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

57.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY and the LAPD were affirmatively linked to and were a significantly influential force and moving force behind Plaintiff's damages.

58.   By reason of the aforesaid policies, customs, practices and usages, Plaintiff's First, Fourth, and Fourteenth Amendment rights to the United States Constitution were violated.  Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of Plaintiff.

59.    Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

### FIFTH CLAIM FOR RELIEF

**Supervisory Liability (42 U.S.C. § 1983)**

**(Against Defendant CPT. STABILE)**

60.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 59, as though fully set forth herein.

61.    Plaintiff is informed and believes and thereon alleges that Defendant CPT. STABILE knew of acts of excessive force, the failure to report excessive force, preventing the lawful assembly of citizens, and the failure to respond to CPRA requests, retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and crimes under color of law. Defendant's disregard of this knowledge or failure to adequately investigate and discover and correct such acts or failures to act was a moving force which caused the violation of Plaintiff's constitutional rights.

62.    Plaintiff is informed and believes and thereon alleges that prior to the incident alleged herein, Defendant CPT. STABILE acting under the color of his authority as supervisory officer of subordinates, officers, and personnel of the LAPD, and in the course and scope of his employment as such, committed similar acts of:

a)    Unlawful and excessive force;

b)    Failing to report the use of excessive force;

c)    Responding improperly and unlawfully to the speech and assembly rights of citizens;

d)    Failure to respond lawfully to CPRA requests; and,

e)    Discriminating against citizens who seek to redress grievances involving the LAPD and imposes punishment for behavior resulting from or caused by such redress.

63.    Plaintiff is further informed and believes and thereon alleges that Defendant CPT. STABILE knew, or in the exercise of reasonable care should have known, of

this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and this Defendant had a duty to train and instruct their subordinates to prevent similar acts, but failed to take steps to properly train, supervise, investigate or instruct subordinates, officers, and/or agents or employees, and to retain subordinates, officers, and/or agents or employees who had a history of inappropriate conduct, and as a result Plaintiff was harmed in the manner threatened by the pattern or practice.

64.     At all times herein mentioned, and prior thereto, Defendant had the duty to perform the following, and violated that duty:

a)    To train, supervise, and instruct subordinates, officers, and/or agents or employees to ensure that they respected and did not violate federal and state constitutional and statutory rights of citizens;

b)    To objectively investigate incidents related to excessive force claims, responses to citizens' free speech and lawful assemblies, and responses to CPRA requests, and to take remedial action;

c)    To objectively investigate incidents related to grievances filed by citizens for excessive force claims, responses to citizens' free speech and lawful assemblies, and responses to CPRA requests, and to take remedial action;

d)    To objectively evaluate and respond to excessive force claims, responses to citizens' free speech and lawful assemblies, and responses to CPRA requests, and to take remedial action;

e)    To periodically monitor the competency of subordinates, officers, and/or agents or employees to ensure that subordinates, officers, and/or agents or employees were complying with constitutional requirements;

f)    To comply with the statutory guidelines and regulations enacted for the CPRA requests;

g)   To discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of citizens, by not condoning, ratifying, and/or encouraging the violation of Plaintiff's constitutional rights; and,

h)   Not to discriminate against citizens who seek to redress their grievances with the City and LAPD, and imposes punishment for behavior resulting from or caused by such activity.

65.   As a legal result of the conduct of Defendant, as described above, Plaintiff was damaged as alleged herein and as set forth above.

66.   Accordingly, Defendant is liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

67.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 66, as though fully set forth herein.

68.   At the aforementioned time and place, Defendants UNIDENTIFIED LAPD OFFICER, CPT. STABILE, and CITY owed Plaintiff a duty of due care, and that duty was breached by said Defendants' negligence and failure to exercise due care during the Lakers' Celebration.

69.   Defendants UNIDENTIFIED LAPD OFFICER, CPT. STABILE, and CITY were also negligent and reckless with regard to the hiring, training, supervision and retention of its employees, agents, and/or independent contractors who had any form of involvement with the incident, and such negligent and reckless conduct also legally caused or contributed to causing the incident and damages to Plaintiff as herein alleged.

70.     By virtue of the foregoing, Defendant CITY owed Plaintiffs a duty of due care, and that duty was breached by Defendants' negligent and careless manner and in hiring, training, supervising and retaining by, among other things:

    a)  Failing to adequately train its officers and employees on excessive force;

    b)  Failing to adequately train its officers and employees on responding to the lawful assembly of citizens;

    c)  Failing to adequately train its officers and employees on responding to CPRA requests;

    d)  Failing to adequately investigate  background, training and experience as an employee and his propensity for truthfulness;

    e)  Failing to provide adequate supervisory control over the actions of its employees in regard to adequate training, supervision, equipment, planning, oversight, and administration;

    f)  Failing to control the conduct of its employees who have a known propensity for retaliation against citizens who seek redress of grievances, falsifying or suppressing evidence and in failing to discipline its employees;

    g)  Failing to investigate in good faith, allegations of retaliation against citizens who seek redress of grievances, falsifying evidence or suppressing evidence by its employees;

    h)  Failing to discipline its employees who commit acts of retaliation against citizens who seek redress of grievances, falsify evidence and records or suppress evidence; and,

    i)  Sanctioning, condoning and approving a City-wide custom and practice of a code of silence, cover-up and dishonesty.

71.     As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

72.     Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE are liable to Plaintiff, pursuant to California Government Code § 820(a), amongst other provisions.

73.     Defendant CITY is liable to Plaintiff for negligence, pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), amongst other provisions.

74.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

### SEVENTH CLAIM FOR RELIEF

**Battery**

**(Against All Defendants)**

75.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 74, as though fully set forth herein.

76.     Defendants UNIDENTIFIED LAPD OFFICER, CPT. STABILE, and CITY used physical force against Plaintiff without legal justification or excuse, knowing full well that Plaintiff had committed no crime, was unarmed and that she posed no threat to the officers or anyone else.

77.     Defendants intentionally, willfully and recklessly committed a battery on the person of Plaintiff, deliberately intending to cause severe injury to the person of Plaintiff.

78.     As a proximate cause of the unlawful battery by Defendants, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, and other damages alleged herein.

79.     Defendants UNIDENTIFIED LAPD OFFICER and CPT. STABILE are liable to Plaintiff for battery, pursuant to California Government Code § 820(a), amongst other provisions.

80.     Defendant CITY is liable to Plaintiff for battery, pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), amongst other provisions.

81.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

## EIGHTH CLAIM FOR RELIEF

### Bane Act Violation (Cal. Civil Code § 52.1)

### (Against All Defendants)

82.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 81, as though fully set forth herein.

83.     The actions of all Defendants interfered with, and/or attempted to interfere with, by use of threats, intimidation, and/or coercion, the exercise or enjoyment by Plaintiff the rights secured to her by the U.S. Constitution, California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

84.     As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

85.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), treble compensatory damages, attorney's fees, and any other relief allowable at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for judgment against Defendants, and each of them, as follows:

1. For general, special, and compensatory damages in the amount to be proven at trial;

2.  For punitive damages in an amount to be proven at trial (save against CITY);

3.  For interest;

4.  For costs;

5.  For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988;

6.  For attorneys' fees pursuant to Civil Code §§ 52, 52.1;

7.  Any civil penalties, including treble damages and a minimum of $4,000.00 according to proof; and,

8.  For such further other relief as the Court may deem just, proper, and appropriate.


Date: September 23, 2021           **THE LAW OFFICE OF KEVIN S. CONLOGUE**
                                   **HINMAN LAW GROUP. P.C.**

                                   By:   /S/Kevin S. Conlogue
                                   Kevin S. Conlogue, Esq.
                                   John S. Hinman, Esq.
                                   Attorneys for Plaintiff, KIMBERLY MARROQUIN

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Date: September 23, 2021      **THE LAW OFFICE OF KEVIN S. CONLOGUE**
                                            **HINMAN LAW GROUP. P.C.**

                                  By:   /S/Kevin S. Conlogue_____
                                      Kevin S. Conlogue, Esq.
                                      John S. Hinman, Esq.
                                      Attorneys for Plaintiff, KIMBERLY MARROQUIN