UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Damon Berry | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Attorney Fees [DE 150]; Defendants' Motion for Judgment as a Matter of Law, Remittitur, or Partial New Trial on Damages [DE 154]; and Plaintiff's Motion to Alter or Amend the Judgment or New Trial on Damages [DE 156]

## I.  INTRODUCTION

On February 18, 2022, Kimberly Marroquin ("Plaintiff") filed a First Amended Complaint ("FAC") against the City of Los Angeles (the "City"), Los Angeles Police Department ("LAPD") Captain Richard Stabile, and ten LAPD officers (collectively, "Defendants"). (ECF No. 27.) The FAC alleges claims under 42 U.S.C. § 1983 ("Section 1983"), as well as various state-law claims. (*Id.*) Plaintiff's claims arise from an injury that she suffered at the Los Angeles Lakers' 2020 NBA championship celebration.

The case proceeded to trial on October 11, 2022. By that time, only two defendants remained in the action: Officer DiMaggio Rico ("Rico") and the City. Before the case was submitted to the jury, Defendants brought a Motion for Judgment as a Matter of Law ("JMOL"), which the Court granted in part. Three claims then went to the jury: the Section 1983 excessive force claim against Rico, and claims for battery and negligence against both Rico and the City. The jury found that Plaintiff prevailed on her Section 1983 and negligence claims. The jury also awarded damages to Plaintiff, with $1 assigned to Rico (the "Rico Damages") and $1,500,000 assigned to the City (the "City Damages"). (Verdict Form, ECF No. 151.)

Presently before the Court are three Motions: (1) Plaintiff's Motion for Attorneys' Fees (the "Fee Motion"); (2) Defendants' Motion for Judgment as a Matter of Law, with alternative requests for remittitur or a new trial on damages; and (3) Plaintiff's Motion to Alter or Amend the Judgment, with an alternative request for a new trial on damages (together with (2), the "Substantive Motions"). (ECF Nos. 150, 154, 156.) For the following reasons, the Court **GRANTS in part** and **DENIES in part** the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

Substantive Motions and **ORDERS** a new trial on damages only. The Court then **DENIES without prejudice** the Fee Motion.

## II.     FACTUAL BACKGROUND

The following facts summarize the case Plaintiff presented at trial:

On October 11, 2020, the City hosted a celebration for the Los Angeles Lakers, who had recently won the NBA Finals. Plaintiff attended and observed that the crowd was celebrating peacefully for much of the night. However, around 9 p.m., parts of the crowd became restless, and LAPD officers arrived on the scene. One such officer was Rico, who was armed with a 40mm less-lethal launcher (the "Launcher").

Shortly after 9 p.m., Plaintiff was walking in a crowd near the Lakers' home arena, Staples Center,[1] intending to leave the celebration. As she was walking, a 40mm less-lethal rubber bullet fired by Rico struck her in the head. Rico's body-worn camera footage shows that he was firing at (or near) a third party who had just thrown a glass bottle in the direction of LAPD officers. After she was struck, Plaintiff fell to the ground and was helped up by her friend; she then noticed that the side of her head was bleeding. The incident resulted in Plaintiff suffering a mild traumatic brain injury.

## III.     JUDICIAL STANDARD

### A.     Renewed Motion for Judgment as a Matter of Law

A court may grant a motion for JMOL against a party on any issue when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A party whose JMOL motion made under Rule 50(a) is not granted by the Court may renew its motion after trial. Fed R. Civ. P. 50(b). However, a party cannot raise arguments in its Rule 50(b) motion that it did not raise in its Rule 50(a) motion. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

Post-verdict JMOL is appropriate where there is no "substantial evidence" to support the verdict. *Payao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Substantial evidence is "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). A court must consider the evidence in the light most favorable to the

---

[1] Now known as Crypto.com Arena.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

nonmoving party, draw all reasonable inferences in its favor, and not weigh the evidence or assess the credibility of the witnesses. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000).

**B.    Motion to Alter or Amend the Judgment**

Under Rule 59(e), a court may alter or amend judgment in the following circumstances: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or made a decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

**C.    Motion for New Trial**

After a jury trial, a court may grant a new trial to a party "for any reason for which a new trial has [] been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because Rule 59 does not specify the grounds on which a court may grant a motion for a new trial, the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, claims that the verdict is against the great weight of the evidence, that the damages are excessive, that the trial was not fair to the moving party, that the jury instructions were erroneous or inadequate, or that the court made incorrect and prejudicial admissibility rulings. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

**D.    Attorneys' Fees**

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257. If such authority exists, the district court determines the reasonable fee award based on the lodestar amount and, where necessary, an appropriate award multiplier. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992).

**IV.    DISCUSSION**

The Substantive Motions raise two issues. First, Defendants ask the Court to find that Rico is protected by the doctrine of qualified immunity and thus not liable for Plaintiff's Section 1983 claim.[2] Second, both Substantive Motions challenge the jury's damages award and ask the Court to either alter

---

[2] Defendants preserved the qualified immunity issue by raising it in their JMOL Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

the award as a matter of law or grant a new trial on damages. The Court addresses these issues in turn, before briefly turning to Plaintiff's Motion for Attorneys' Fees.

### A. Rico's Qualified Immunity

The doctrine of qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Because qualified immunity is typically seen as immunity from being sued, courts resolve "qualified immunity as a legal issue before trial whenever possible." *Morales v. Fry*, 873 F.3d 817, 823 (9th Cir. 2017). However, the issue may carry into trial "[w]hen there are disputed factual issues that are necessary" to resolve whether the defendant is immune. *S.R. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019). In such a case, the jury must "decide the disputed factual issues," and then the judge applies the jury's conclusions when determining "the ultimate [legal] question" of immunity. *Morales*, 873 F.3d at 823. When qualified immunity is raised after a verdict, the Court must give "significant deference to the jury's verdict and to the nonmoving part[y]." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013).

To determine whether an officer is entitled to qualified immunity, the Court asks two questions: (1) did the defendant officer violate the plaintiff's constitutional right; and (2) if so, was that right clearly established at the time of the defendant's misconduct? If the answer to both is "yes," the defendant is not entitled to qualified immunity. *See id.* at 453–54. The Court begins with the first question: whether Plaintiff proved that Rico violated her constitutional rights.

#### 1. *Constitutional Violation*

In her FAC, Plaintiff alleged that Rico violated her Fourth Amendment right to be free from excessive force when he shot her in the head with a less-lethal projectile. To prove her claim at trial, Plaintiff had to establish that Rico failed to use "such force as [was] 'objectively reasonable' under all of the circumstances . . . from the perspective of a reasonable officer on the scene." (Jury Instrs., Instr. No. 14, ECF No. 148.) Here, the jury determined that Plaintiff made the required showing when it found in her favor on her Section 1983 claim. Typically, a "jury's verdict . . . is sufficient" to resolve this first prong of the immunity analysis. *A.D.*, 712 F.3d at 456.

However, Defendants argue that the verdict does not resolve the issue because the jury also found Rico liable for negligence but not battery. Defendants posit that the jury must necessarily have found that Rico did not intentionally shoot at Plaintiff and therefore he must have shot at someone about to throw a bottle, acting reasonably in defense of himself and his fellow officers. But Defendants' argument faces two roadblocks: one legal, one factual. The Court addresses each.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

a.  *Incorrect Legal Premise*

Defendants continue to press a legal argument they have proffered throughout this litigation—that if an officer's action is "negligent rather than intentional," he cannot have violated a constitutional right, and indeed cannot even have "seized" the person who was harmed. (Defs.' Mot. at 13.) The Court has already found that this argument "contradicts controlling precedent." (Order re Defs.' Mot. Summ. J. at 6, ECF No. 106.) An officer need not intentionally aim at a specific person in order to seize that person for Fourth Amendment purposes. *See Nelson v. City of Davis*, 685 F.3d 867, 876 (9th Cir. 2012) (finding excessive force liability despite defendant officer's argument that he did not intentionally target the plaintiff). To argue otherwise "misapprehends the distinction between intentional and unintentional conduct" for the purposes of the Fourth Amendment. *Id.* So long as an individual's freedom of movement is terminated by an "intentional application of force," that individual is seized.[3] To then determine whether the seizure was unreasonable, the jury (or court) must analyze the totality of the circumstances, including the risk to officer safety and the level of injury that might be inflicted. *Id.*; *see also Berg v. Cnty. of L.A.*, 2021 WL 4691154, at *11 (C.D. Cal. May 28, 2021) (finding likelihood of success on excessive force claim based on, *inter alia*, an incident where "in response to a single bottle . . . thrown over a barrier and landing 25 or so feet away from deputies, pepper balls were shot into a peaceful crowd"). Whether an officer's application of force was aimed at a plaintiff (or at someone else) is something that the jury may consider, but it is not dispositive of reasonableness.

b.  *Improper Factual Inferences*

Defendants ask the Court to draw a single inference from the jury's verdict—that because Rico did not have the requisite intent for battery, Rico *must* have fired at someone who was imminently threatening officers with a bottle. But this inference is inappropriate for two reasons.

First, Defendants conflate the intent element of a state-law battery claim with the intent required for a Fourth Amendment violation. *Compare Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 890 (2014) (noting intent required for battery is that "defendant touched the plaintiff . . . with the intent to harm or offend") *with Nelson*, 685 F.3d at 876 ("The intentionality requirement [for the Fourth Amendment] is satisfied when the termination of freedom of movement [occurs] through means intentionally applied.").

---

[3] The Ninth Circuit provided a useful analogy in *Villanueva v. California*, 986 F.3d 1158, 1167 (9th Cir. 2021). If "an officer *accidentally* ran over a passenger who had fallen off a motorcycle during a high-speed chase," there would be no seizure, because the officer did not use "means intentionally applied." *Id.* "Conversely, if the officer had intentionally collided with the motorcycle to stop it, the injured passenger would also have been seized." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

In finding against Plaintiff on her battery claim, all the jury was required to find was that Rico did not intend to harm Plaintiff directly.[4] Defendants' inference is thus premised upon a misapplication of the relevant intent requirements.

Second, the inferential leap Defendants seek is inappropriate on a post-verdict motion for qualified immunity. When such a motion is brought after a verdict for a plaintiff, any outstanding questions of material fact must be construed in the light most favorable to that plaintiff. *See Torres v. City of L.A.*, 548 F.3d 1197, 1210 (9th Cir. 2008). And the inferences from the verdict, drawn in Plaintiff's favor, do not support Defendants' argument that the jury must have found Rico fired reasonably (*i.e.*, aimed his shot at an imminent assailant who was threatening officers). Rather, the inferences from the verdict demonstrate that the jury found Rico either: (1) fired into the crowd, in the general direction from which the bottle was thrown; or (2) aimed at someone who had already thrown a bottle but who no longer posed an imminent threat.

Either conclusion is supported by substantial evidence. The jury was shown the following:

- Rico had been trained that it was reasonable for an officer to fire on someone who was an imminent threat to safety. Plaintiff did not contest that such an act would be reasonable;
- Rico had been trained that the Launcher should not be fired in retaliation, at a fleeing suspect, or at someone who was no longer an active threat;
- Immediately prior to the incident, a bottle was thrown in the vicinity of LAPD officers;
- Rico fired a shot shortly after the bottle hit the ground, and announced his target as someone who *had thrown* a bottle;
- Rico's alleged target was in the midst of a shoulder-to-shoulder crowd and was at least 30 yards away;
- Rico gave no warning prior to firing the Launcher; and
- Rico testified that he was aiming at someone *about to throw* a bottle, as opposed to someone who had just thrown one.

Construing the evidence in Plaintiff's favor, it stands to reason that the jury did not give credence to Rico's testimony regarding an unseen assailant threatening imminent harm when it found Rico liable for excessive force. *See Nunez v. Santos*, 427 F. Supp. 3d 1165, 1186 (N.D. Cal. 2019) ("[T]he jury was entitled to discount the Defendants' own testimony as self-serving.").)

---

[4] Neither party requested an instruction regarding transferred intent, and the Court did not give one. As such, the jury could not have found that Rico "intended" to strike Plaintiff due to his intent to strike someone else.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

For these reasons, the fact that Rico was found liable for negligence, but not battery, does not indicate that the jury incorrectly held Rico liable under Section 1983. The Court holds that Plaintiff proved that Rico violated her constitutional right to be free from excessive force.

    2.    <u>Clearly Established Right</u>

Having found a constitutional violation, the Court turns to the second qualified immunity question: whether the right was clearly established at the time of the violation. This question "is a matter of law decided by a judge." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018). To determine whether a law is clearly established, the Court must determine whether the contours of the right at issue were "sufficiently clear" such that "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). There need not be a "case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Although this prong of the immunity analysis is a legal one, the Court must still apply the jury's "resolution of disputed facts" to determine the issue. *Morales*, 873 F.3d at 823; *see also A.D.*, 712 F.3d at 456 ("[D]eference to the jury's view of the facts persists throughout each prong of the qualified immunity inquiry."). Therefore, the Court's "task is to resolve all factual disputes in favor of Plaintiff[], and then determine whether Defendants' actions would have been clearly unconstitutional." *Thomas v. Cannon*, 289 F. Supp. 3d 1182, 1218 (W.D. Wash. 2018).

Here, as described above, "there was enough evidence for a reasonable jury to conclude that [a] reasonable officer[] would not have acted as [Rico] did." *Torres*, 548 F.3d at 1212. The Ninth Circuit has clearly established that it is an excessive use of force to fire a less-lethal projectile into a crowd, either at the crowd generally or at an individual no longer posing a threat, where the projectile causes serious injury. *See Nelson*, 685 F.3d at 886 ("[A] reasonable officer would have been on notice that both the firing of a projectile that risked causing serious harm, in the direction of non-threatening individuals who had committed at most minor misdemeanors . . . would constitute unreasonable force."); *Deorle v. Rutherford*, 272 F.3d 1272, 1285–86 (9th Cir. 2001) (holding that an officer used unreasonable force by firing, without warning, a beanbag projectile at someone who was advancing on the officer while holding a bottle); *see also Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 662–63 (N.D. Cal. 2022)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

(holding that defendant officer did not have qualified immunity after shooting plaintiff in response to unidentified member of a crowd throwing a water bottle[5]).

Defendants naturally assert that the right could not have been clearly established, framing the issue as one of "Officer Rico firing his 40 mm less-lethal weapon at an assailant throwing bottles at him and his fellow officers, but missing and striking a bystander." (Defs.' Mot. JMOL at 17.) For the reasons discussed above, this framing "focuses on a factual account that is not supported by the jury's verdict." *Willis v. City of Fresno*, 2014 WL 466819, at *6 (E.D. Cal. Jan. 31, 2014), *aff'd*, 680 F. App'x 589 (9th Cir. 2017). Resolving all factual disputes in Plaintiff's favor, the Court finds that a reasonable officer would have known that it was a constitutional violation to fire into a tightly-knit crowd (either indiscriminately or at an individual who did not pose an imminent threat), risking serious injury to whomever was struck.

       3.    *Conclusion*

Having found that Plaintiff proved that Rico violated a clearly established constitutional right, the Court finds that Rico is not protected by qualified immunity.

    **B.**    **Damages Award**

The Court now proceeds to the damages issue. Both parties argue that the jury's damages award was improper. Plaintiff asks the Court to amend the judgment to reflect what she believes comports with the jury's intent—a single, indivisible award of $1,500,001 assigned to both Rico and the City. Defendants ask the Court to find the City Damages excessive in light of the nominal Rico Damages, and thus reduce the former to $1. Failing either, the parties ask for a new trial on damages. The Court finds that a new trial on damages is necessary.

At the outset, there can be no question that the jury's decision to assign a $1 liability to Rico and a $1,500,000 liability to the City is irreconcilable. The reason is that the jury was instructed that the City could only be liable for Plaintiff's state-law negligence claim (not the Section 1983 claim), and could only be vicariously liable for Rico's conduct. (Jury Instrs., Instr. No. 18.) The City's liability thus could not exceed Rico's, and it was error for the jury to find otherwise.

---

[5] Although *Johnson* was decided after the incident here, it notes that this right was already "clearly established" in 2012. *See Johnson*, 591 F. Supp. 3d at 662 n.2 ("[The *Nelson* Court found] the law was already clearly established by its prior rulings . . . .")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

The jury's confusion no doubt was a result of the Verdict Form, which asked the jury to apportion damages between Rico and the City. (*See* Verdict Form at 3.) Asking the jury to separate damages by defendant was both incorrect and confusing. Although only Rico could be held liable on the Section 1983 claim,[6] his conduct "was a continuous course of action resulting in a single indivisible injury." *Archibald v. Cnty. of San Bernardino*, 2018 WL 6017032, at *9 (C.D. Cal. Oct. 2, 2018). That same course of conduct also led to the jury finding Rico liable for negligence, a claim for which the City was vicariously responsible. In indivisible injury cases, "damages are not assessed 'by defendant' or 'by claim' but 'for' an injury . . . [and] the jury's task is to award a sum of money to compensate the plaintiff . . . not to enter a damages award against each defendant who is or will be liable on the judgment." *Id.* (quoting *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 640 (7th Cir. 2011)). Indeed, asking the jury to apportion damages between defendants can lead to confusion at best, or reversible double recovery at worst. *See French v. City of L.A.*, 2022 WL 2189649, at *14 (C.D. Cal. May 10, 2022) (holding, in a case similar to this one, that a non-apportioned verdict form was appropriate).

Each side argues that a new trial on damages is not necessary because the Court can simply find in their favor as a matter of law and adjust the verdict as requested. But the confusion demonstrated by the Verdict Form makes amendment impossible. Given the Court's instructions[7] and the relevant law,[8] it is simply impossible to conclusively determine the jury found either that: (1) Plaintiff did not prove her damages case at all; or (2) that it found her damaged in the amount of $1,500,001. Therefore, the Court finds a new trial on damages is required to prevent a "miscarriage of justice." *Molski*, 481 F.3d at 729. The Court denies each party's request to adjust the damages award as a matter of law but grants each party's request for a new trial on damages.

---

[6] The Court dismissed Plaintiff's *Monell* claim before the case went to the jury.

[7] Relevant here, the Court instructed the jury that it could award nominal damages of no more than $1 if it found that Plaintiff had not proven her damages case. (*See* Jury Instrs., Instr. No. 21.) The jury, of course, awarded $1 to Plaintiff against Rico.

[8] The Ninth Circuit forbids nominal damage awards in civil rights cases when a jury both: (1) finds a defendant liable for a constitutional violation; and (2) finds that the plaintiff suffered an actual injury from that violation. *See Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013). Cases where the Ninth Circuit has authorized nominal damages involve either technical, non-injurious violations, or situations where a plaintiff has failed to prove that he was damaged. *See Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010); *see also Hazle*, 727 F.3d at 992 (noting that in *Guy*, the jury likely "discredited the plaintiff's testimony of injury"). Here, the jury may have believed that Plaintiff was actually injured as a result of the violation, as indicated by its award of $1,500,000 against the City.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | December 15, 2022 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

### C. Attorneys' Fees

Finally, Plaintiff seeks attorneys' fees as the prevailing party in this action. Given the Court's order for new trial, this request is premature. The Court thus denies Plaintiff's Motion for Attorneys' Fees without prejudice to renew the motion after the new trial.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion at Dkt. No. 156 and Defendants' Motion at Dkt. No. 154, and **ORDERS** a **NEW TRIAL** on the issue of damages only for **March 21, 2023**. The Court also **DENIES without prejudice** Plaintiff's Motion for Attorneys' Fees at Dkt. No. 150. The parties are hereby **ORDERED** to attend a further settlement conference by no later than **January 24, 2023.**

**IT IS SO ORDERED.**

:

Initials of Preparer