UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:   **(IN CHAMBERS) Order Re: Plaintiffs' Motions for New Trial and Attorneys' Fees [DEs 246, 247]**

## I.   INTRODUCTION

On February 18, 2022, Kimberly Marroquin ("Plaintiff") filed a First Amended Complaint ("FAC") against the City of Los Angeles (the "City"), Los Angeles Police Department ("LAPD") Captain Richard Stabile, and ten LAPD officers (collectively, "Defendants"). (ECF No. 27.) The FAC alleges claims under 42 U.S.C. § 1983 ("Section 1983"), as well as various state-law claims. (*Id.*) Plaintiff's claims arise from an injury that she suffered near Crypto.com Arena (the "Arena") while attending the Los Angeles Lakers' 2020 NBA championship celebration.

The case proceeded to trial on October 11, 2022. By that time, only two defendants remained in the action: Officer DiMaggio Rico ("Rico") and the City. The jury found that Plaintiff: (1) prevailed on her Section 1983 claim against Rico and her negligence claim against both Rico and the City; and (2) was entitled to $1 in damages from Rico and $1,500,000 in damages from the City. (*See* Verdict Form, ECF No. 151.) Due to an irreconcilable discrepancy in the damages award, the Court ordered a new trial on damages only. (*See* Order re: Post-Trial Mots., ECF No. 176.) The new trial took place on March 21, 2023, and resulted in a damages award of $500,000, with Rico and the City jointly and severally liable. (*See* Damages Trial Verdict Form, ECF No. 242.)

Presently before the Court are two Motions, both filed by Plaintiff: (1) a Motion for New Trial on damages; and (2) a Motion for Attorneys' Fees. (ECF Nos. 246–47.) For the following reasons, the Court **DENIES** the first Motion and **GRANTS in part** the second.

## II.   FACTUAL BACKGROUND

The following facts summarize the case Plaintiff presented at the trials:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

On October 11, 2020, the City hosted a celebration for the Los Angeles Lakers, who had recently won the NBA Finals. Plaintiff attended and observed that the crowd was celebrating peacefully for much of the night. However, around 9 p.m., parts of the crowd became restless, and LAPD officers arrived on the scene. One such officer was Rico, who was armed with a 40mm less-lethal launcher.

Shortly after 9 p.m., Plaintiff was walking in a crowd near the Arena, intending to leave the celebration. As she was walking, a 40mm less-lethal rubber bullet struck her in the head. Rico's body-worn camera footage shows that he was firing at (or near) a third party who had just thrown a glass bottle in the direction of LAPD officers. After she was struck, Plaintiff fell to the ground and was helped up by her friend; she then noticed that the side of her head was bleeding. The incident resulted in Plaintiff suffering a mild traumatic brain injury.

### III. JUDICIAL STANDARD

#### A. Motion for New Trial

After a jury trial, a court may grant a new trial to a party "for any reason for which a new trial has [] been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because Rule 59 does not specify the grounds on which a court may grant a motion for a new trial, the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, claims that the verdict is against the great weight of the evidence, that the damages are excessive, that the trial was not fair to the moving party, that the jury instructions were erroneous or inadequate, or that the court made incorrect and prejudicial admissibility rulings. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

#### B. Motion for Attorneys' Fees

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257. If such authority exists, the district court determines the reasonable fee award based on the lodestar amount and, where necessary, an appropriate award multiplier. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992).

### IV. DISCUSSION

Plaintiff brings two Motions, one seeking a new trial on damages and the other seeking attorneys' fees. The Court addresses each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

### A. New Trial

Plaintiff's first Motion asks the Court to grant another new trial on damages. According to Plaintiff, the trial was unfair for two reasons: (1) because Defendant's attorney engaged in prejudicial misconduct that poisoned the jury against Plaintiff; and (2) the damages award was inadequate. The Court disagrees.

    1. *Attorney Misconduct*

Prior to trial, the Court reminded the attorneys for each party that the new trial was to be on damages only, and that evidence or argument about the events leading to Plaintiff's injury were not relevant. Nonetheless, in his opening statement, Defendants' attorney described the events of October 11, 2020, as a "riot." Further, he asked Plaintiff about the events surrounding her injury twice on cross-examination. Plaintiff argues that these statements, which were "in direct violation of the Court's order," served "to provoke the jury's anger" against Plaintiff and therefore the Court should order a new trial. (Pl.'s Mot. New Trial at 2.)

But a new trial on the grounds of attorney misconduct is warranted only where the "flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995). To determine if an attorney's conduct prejudiced the moving party, the Court must look to "the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). A new trial is typically not warranted where the "offending remarks" were "isolated, rather than persistent" and where the jury awarded reasonable damages. *See Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984).

Here, Defendant's counsel made three isolated remarks, all of which were immediately objected to. The Court then gave curative instructions prior to the jury's deliberations. Further, there was no indication that Defendant's attorney made the comments with the "sole purpose of bringing to the jury something it should not have heard." *Maricopa Cnty. v. Maberry*, 555 F.2d 207, 219 (9th Cir. 1977). And finally, Plaintiff received a significant damages award, indicating that the remarks did not poison the jury against Plaintiff.

In sum, Plaintiff has not shown that Defendant's attorney's remarks so "permeated the entire proceeding" that the "jury was influenced by passion or prejudice." *Anheuser-Busch, Inc.*, 69 F.3d 337, 346 (9th Cir. 1995). The Court denies Plaintiff's request for a new trial on attorney misconduct grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

    2.    *Inadequate Damages*

Plaintiff alternately argues for a new trial because the $500,000 awarded by the jury in the damages trial is significantly less than the legally flawed $1,500,001 award from the first trial. But a plaintiff's "path towards a new trial on inadequate damages is . . . formidable." *D'Amato v. Lillie*, 2008 WL 4735141, at *2 (E.D. Wash. Oct. 23, 2008) (citing *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1513 (11th Cir. 1983)). The reason is that "[t]ranslating legal damage into money damages is a matter peculiarly within a jury's ken, especially in cases involving intangible, non-economic losses." *Id.* (quoting *Smith v. Kmart Corp.*, 177 F.3d 19, 30 (1st Cir. 1999)). A new trial based on inadequate damages should only be granted if, after considering the evidence, the Court arrives at the "definite and firm conviction that a mistake has been committed." *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987).

Plaintiff makes no argument that the award is against the clear weight of the evidence. Rather, she argues only that $500,000 is inadequate because it does not match the award given to her by the jury at her first trial. But this is not a proper basis for asserting inadequate damages, and the Court finds nothing in the record to indicate that $500,000 is inadequate recompense for Plaintiff's injury. Accordingly, the Court denies Plaintiff's request for a new trial on inadequate damages grounds.

In sum, neither of Plaintiff's new trial arguments are compelling, and the Court denies her motion for new trial.

**B.**    **Attorneys' Fees**

Plaintiff's second Motion seeks $1,054,920 in attorneys' fees. Plaintiff bases her calculations on a lodestar of $527,460 with a 2x multiplier due to the quality of her attorney's representation. She premises her lodestar on the following rates and hours billed:

| Attorney/Staff | Hourly Rate | Hours Spent | Total |
|---|---|---|---|
| Kevin S. Conlogue ("Conlogue") | $725 | 677.1 | $490,897.50 |
| Ashley M. Conlogue | $625 | 55.3 | $34,562.50 |
| Sharon G. Paz | $200 | 6.4 | $1,280.00 |
| Judy Y. Yip | $200 | 3.6 | $720.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

| TOTAL | | 546.4 | $527,460.00 |
|---|---|---|---|

(Pl.'s Mot. Attys' Fees at 2, 9.)

Defendants make three arguments against the requested fee award: (1) that Plaintiff succeeded on only two of the eight claims alleged in her FAC, mandating a significant fee reduction; (2) that Conlogue's hourly rate is excessive and unreasonable; and (3) that a 2x lodestar multiplier is not warranted in this action. The Court addresses each issue in turn.

### 1. *Fee Reduction Due to Plaintiff's Limited Success*

There is no dispute that Plaintiff is statutorily authorized to recover attorneys' fees in this case. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014) ("A party who prevails on a claim under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust.") However, the fee award may be reduced—either in whole or in part—if the prevailing party "succeeded on only some of [her] claims for relief." *Henlsey v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Ninth Circuit has laid out a two-step approach for determining whether fees should be reduced given a plaintiff's limited success. In the first step, the Court must consider whether the "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which [she] succeeded." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). Claims are unrelated if they are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Id.* But if a plaintiff's claims for relief "involve a common core of facts," her lawsuit is not "viewed as a series of discrete claims," even if the claims contain differing legal theories. *Id.* The second step is to "consider whether the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* In making this assessment a court focuses "on the significance of the overall relief obtained . . . in relation to the hours reasonably expended on the litigation." *Id.*

In this case, all of Plaintiff's claims arose from the same common core of facts and conduct: the rubber bullet fired by Rico and the head injury suffered by Plaintiff. While Plaintiff asserted various theories of liability—excessive force, First Amendment, state-created danger, *Monell*, and state-law tort claims—all of those theories related to the exact same incident. The Ninth Circuit does not require "commonality of both facts *and* law before concluding that unsuccessful and successful claims are related." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). Because all of Plaintiff's claims arose from the same incident, they are not "entirely distinct and separate" for attorneys' fee purposes. *Sorenson*, 239 F.3d at 1147.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

As to the second element, Defendants do not argue that Plaintiff's attorneys achieved an unsatisfactory result, nor that the hours they expended were unreasonable. Accordingly, both *Sorenson* factors militate against a reduction in Plaintiff's award.

    2.    *Conlogue's Hourly Rate*

Defendants next argue that Conlogue's rate of $725 per hour is not reasonable.[1] When determining a reasonable hourly rate, courts consider whether the requested rates comport with "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996). Rate determinations in other cases, particularly those setting a rate for plaintiff's attorneys, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts regularly consider data from the Wolters Kluwer Real Rate Report to determine a reasonable hourly rate. *See, e.g.*, *Pritchett v. Slauson Gas Station, LLC*, 2022 WL 319989, at *2 (C.D. Cal. Jan. 10, 2022) ("[T]his Court and others regularly consult the Real Rate Report . . . when awarding attorneys' fees because it is based on actual legal billing, matter information, and paid and processed invoices from a wide range of companies.").

Plaintiff has provided sufficient evidence to show that Conlogue's requested rate is reasonable. Specifically, she submits evidence of past awards, the affidavits of other civil rights attorneys, and data from the 2018 Real Rate Report. (*See* Pl.'s Mot. Attys' Fees, Ex. 6 at 2, ECF No. 247-11 (Real Rate Report data indicating that the median rate for litigation partners in Los Angeles is $650, while the third-quartile rate is $908); *see also id.*, Beck Decl. at 4, ECF No. 247-3 (declaration of civil rights attorney familiar with Conlogue's work indicating that $725 is a reasonable rate); *id.*, Conlogue Decl. ¶ 12, ECF No. 247-1 (noting previous award from a Central District of California court, approving of $575 hourly rate for Conlogue in 2021).)[2]

---

[1] They do not challenge the rates of the other individuals who billed hours to Plaintiff's case, nor do they challenge the reasonableness of the hours expended.

[2] Plaintiff also submits the 2023 Laffey Matrix, but the Court does not find this to be satisfactory evidence of a reasonable rate for a Los Angeles attorney. The Laffey matrix is a "widely recognized compilation of attorney and paralegal rate data" used in the District of Columbia. *In re Chiron Corp. Sec. Litig.*, 2007 WL 4249902, at *6 (N.D. Cal. Nov. 30, 2007). Because the Laffey Matrix surveys a different legal community and does "not directly correlate to hourly rates for attorneys . . . in other parts of the country," courts in this Circuit typically decline to consider it when analyzing fee motions. *See, e.g. Cabardo v. Patacsil*, 2022 WL 956951, at *3 (E.D. Cal. March 30, 2022); *Johnson v. Chi Mai*, 2020 WL 6891822, at *4 (N.D. Cal. Nov. 24, 2020) ("The Ninth Circuit has not adopted the Laffey Matrix as a starting point for determining reasonable attorneys' fees, and other courts in this District have expressed skepticism about its applicability.") (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

Defendants object to the reasonableness of Conlogue's rate. But they do not submit any evidence in support of their argument. And once a fee applicant meets her evidentiary burden, the fee opponent "has a burden of rebuttal that requires submission of evidence." *Chaudhry*, 751 F.3d at 1110–11. Here, Defendants have failed to meet their burden. And Plaintiff's evidence, along with the Court's independent research, establishes that Conlogue's rates are within the range of those judicially awarded to comparable attorneys for comparable work in this legal community. *See, e.g.*, *Valenzuela v. City of Anaheim*, 2023 WL 2249178, at *3–4 (C.D. Cal. Feb. 23, 2023) (approving hourly rates in civil rights case of $1,200, $1,075, $850, and $650).

Because Conlogue's hourly rate is reasonable, and Defendants challenged neither Plaintiff's requested hours nor the rates of any other attorney or paralegal, the Court approves the entirety of Plaintiff's requested lodestar: $527,460.00

### 3. Whether a 2x Multiplier is Appropriate

Plaintiff also seeks a 2x multiplier to her lodestar due to her attorneys' "superior performance and to induce competent counsel to accept cases." (Pl.'s Mot. Attys' Fees at 10.) The Court does not find an enhancement warranted here. The "lodestar . . . provides a rough approximation of general billing practices," and an enhancement is only appropriate "where the . . . lodestar calculation does not adequately measure the attorney's true market value." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555 (2010). But Plaintiff sought, and the Court has already approved, billing rates premised upon her counsels' market value. (*See, e.g.*, Pl.'s Mot. Attys' Fees, Conlogue Decl. ¶ 21 ("Based upon the difficulty of this case and the skill, experience, and ability necessary to prevail on this case, I believe an hourly attorney fee rate for my services under the circumstances should be $725 per hour.").) Because the awarded rates already encapsulate the quality of Plaintiff's representation, the Court finds a multiplier unnecessary here.

In conclusion, the Court awards $527,460.00 in attorneys' fees to Plaintiff.[3]

---

[3] Plaintiff also includes a request for costs in her Motion for Attorneys' Fees. However, she concurrently filed an Application to Tax Costs, to be heard by the Clerk of Court on April 24, 2023. (*See* Appl. for Costs, ECF No. 248.) The Clerk must make the initial determination regarding costs, which may only be modified upon a motion to re-tax costs. *See* C.D. Cal. L.R. 54-2.5. Accordingly, the Court denies as premature Plaintiff's request for costs. Should Plaintiff disagree with the Clerks' decision, she may file a motion to re-tax costs as contemplated by the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | April 24, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer, et al* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for New Trial and **GRANTS in part** her Motion for Attorneys' Fees, awarding $527,460.00.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |