closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Plaintiff's Motion to Retax Costs [DE 283]

## I. INTRODUCTION

On October 13, 2022, a jury returned a verdict in favor of Kimberly Marroquin ("Plaintiff"), finding that the Los Angeles Police Department and Officer DiMaggio Rico (collectively, "Defendants") had violated her civil rights under 42 U.S.C. § 1983. (ECF No. 151.) The Court held a second jury trial on damages from March 21–22, 2023, at which time the jury determined that Defendants were jointly and severally liable to Plaintiff for $500,000. (ECF No. 242.)

On March 27, 2023, Plaintiff concurrently filed (1) a Motion for Attorneys' Fees and Costs with this Court and (2) an Application to Tax Costs in the amount of $80,192.88 with the Clerk of Court. (ECF Nos. 247, 248.) The Court awarded Plaintiff $527,460.00 in attorneys' fees, but did not award Plaintiff costs because of the pending Application. (ECF No. 258.) On August 25, 2023, the Clerk taxed costs in the amount of $12,517. (ECF No. 282.) Presently before the Court is Plaintiff's Motion to Retax Costs. (ECF No. 283.) For the following reasons, the Court **GRANTS** the Motion **in part**.

## II. JUDICIAL STANDARD

Under the Central District of California's Local Rules, a party "seek[ing] review of the Clerk's taxation of costs" may file a motion to retax costs within seven days of the Clerk's decision. A court's review is "limited to the record before the Clerk and encompasses only those items specifically identified in the motion." C.D. Cal. L.R. 54-2.5.

## III. DISCUSSION

Costs incurred during litigation are categorized as either taxable or nontaxable. Ordinarily, a prevailing party is entitled to collect taxable costs. Fed. R. Civ. P. 54(d)(1). To do so, she must file an application to tax costs with the Clerk of Coururt. C.D. Cal. L.R. 54-2. Taxable costs, which are enumerated in 28 U.S.C. § 1920, include costs for depositions and statutory witness fees.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer et al* | | |

A prevailing party in a civil rights action is also permitted to recover nontaxable costs above and beyond any taxable costs that the Clerk may award. Pursuant to 42 U.S.C. § 1988, these nontaxable costs encompass "reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trs. of the Constr. Indus. & Laborers Health and Welfare Tr. v. Redlands Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). A party should request nontaxable costs in a motion for attorneys' fees. *See Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1046 (C.D. Cal. 2012) (explaining that a prevailing party's request for nontaxable costs was properly filed with the district court as part of its motion for attorneys' fees).

Therefore, a prevailing party in a civil rights action should (1) file an application for taxable costs with the Clerk and (2) request nontaxable costs in its motion for attorneys' fees. Here, Plaintiff contends that the Court should award her $67,675.88—the entire amount of costs the Clerk disallowed—under 42 U.S.C. § 1988. Plaintiff's Application to Tax Costs improperly included both taxable and nontaxable costs. Therefore, the Court must engage in a two-fold inquiry to determine if additional costs are warranted. First, the Court must determine if the Clerk improperly disallowed any taxable costs. Second, the Court must determine if Plaintiff is entitled to any nontaxable costs under 42 U.S.C. § 1988.

Before delving into the merits of the Motion, however, the Court notes several deficiencies in Plaintiff's supporting documentation. Plaintiff attaches a 110-page Exhibit to the Motion. (ECF No. 283-2.) The first three pages of the exhibit contain an itemized summary table ("Summary Table") of Plaintiff's costs. Although some line items in the Summary Table are sufficiently detailed, many others include abbreviations that are not defined or explained. Additionally, the last item in the Summary Table, labeled "Filevine," is for $49,168.45. The remaining 107 pages of the exhibit appear to be documentation of individual expenses that compose the $49,168.45 line item. Notably, Plaintiff's Motion does not include any citations to specific pages in the Exhibit. Neither the Summary Table nor the 107 pages of expenses appear to be organized by category.

The Court is unwilling to "hunt[] for truffles" in Plaintiff's exhibit. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Therefore, the Court limits its award of costs to those that were either identified by the Clerk or sufficiently described in Plaintiff's itemized Summary Table. With this in mind, the Court next evaluates Plaintiff's Motion, beginning with an analysis of disallowed taxable costs.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer et al* | | |

### A.   Taxable Costs

The Clerk disallowed a portion of Plaintiff's taxable costs for taking and transcribing depositions, as well as the entirety of Plaintiff's request for expert witness costs. The Court addresses each in turn.

#### 1.   *Depositions*

The Clerk partially disallowed Plaintiff's taxable deposition costs for three reasons. First, Plaintiff requested a per page rate higher than allowed by the Judicial Conference fees without providing any justification for the higher rate. Second, the Clerk determined that portions of the transcripts were duplicative. Third, the Clerk did not award Plaintiff costs for interest. Plaintiff does not argue that the Clerk's determinations are incorrect, and the Court sees no reason to disturb the Clerk's award. Accordingly, the Court **DENIES** the Motion with respect to taxable deposition costs.

#### 2.   *Witness Fees*

Statutory witness fees, as described in 28 U.S.C. § 1821(b), are taxable costs. To recover these costs in the Central District of California, a party must complete a witness fees worksheet. C.D. Cal. Bill of Costs Handbook at 3 (Nov. 2, 2021). Plaintiff did not complete the worksheet. The Clerk therefore appropriately denied statutory witness costs as insufficiently described. Accordingly, the Court **DENIES** the Motion with respect to statutory witness fees.

### B.   Nontaxable Costs

The Clerk disallowed nontaxable costs in four categories: (1) costs incurred for transcripts of court proceedings; (2) costs related to deposition summaries; (3) expert witness retainers and costs above and beyond the statutory fees; and (4) miscellaneous costs for litigation-related expenses including parking, postage, and research costs. The Court addresses each in turn.

#### 1.   *Transcripts of Court Proceedings*

The Clerk disallowed $744.24 in costs for three transcripts of court proceedings. These costs are not taxable absent prior court approval or stipulation between the parties. C.D. Cal. L.R. 54-3.4. Because Plaintiff does not contend that the costs incurred for transcripts were approved either by the Court or by stipulation, the Clerk properly denied them as nontaxable.

Nevertheless, a court may properly award reasonable transcript costs under 42 U.S.C. § 1988. *Pierce*, 905 F. Supp. 2d at 1047–48. Because $744.24 is a reasonable expense to incur for three transcripts, the Court **GRANTS** the Motion with respect to the transcripts and awards Plaintiff $744.24.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer et al* | | |

    2.    *Deposition Summaries*

Although costs for deposition summaries are not taxable, a court may award attorneys' fees for the completion of this work. *Id.* at 1028. Therefore, the Court finds it appropriate to award Plaintiff costs for deposition summaries as reasonable, out-of-pocket litigation expenses under 42 U.S.C. § 1988. The Summary Table includes four line items for deposition summaries: (1) "Stabile depo summary" for $118.95; (2) "Harer depo summary" for $105.30; (3) "Hoskins depo summary" for $142.35; and (4) "Rico depo summary" for $286.65. Because these costs are reasonable, the Court **GRANTS** Plaintiff's Motion with respect to the above deposition summaries. Accordingly, the Court awards Plaintiff $653.25 in deposition summary costs.

    3.    *Expert Fees Exceeding the Statutory Limit*

Plaintiff's Application requested $39,182.92 in expert witness trial costs, which significantly exceeds the statutory amount. *See* 28 U.S.C. § 1821 (providing a testifying witness a daily fee of $40 plus travel expenses). The Application additionally requested expert retainer fees totaling $16,500.51.[1] The Clerk properly disallowed these nontaxable costs.

Unlike costs for transcripts and deposition summaries, expert costs in § 1983 actions cannot be awarded under 42 U.S.C. § 1988, which only permits an award of expert costs in actions brought under 42 U.S.C. §§ 1981 and 1981a. 42 U.S.C. § 1988(c); *see also Nguyen v. Regents of Univ. of Cal.*, 2019 WL 3017678, at *2–3 (C.D. Cal. Mar. 25, 2019) (reasoning that it would be "manifest error to award expert fees" to a prevailing party in a § 1983 claim under 42 U.S.C. § 1988). Accordingly, the Court **DENIES** the Motion with Respect to expert fees.

    4.    *Miscellaneous Costs*

The Clerk disallowed numerous miscellaneous costs, including costs for remote state court appearances, parking, transportation, postage, and research. These types of expenses are reasonable, out of pocket litigation expenses. *Pierce*, 905 F. Supp. 2d at 1046. Upon review of the Summary Table, the following line items are sufficiently identified as costs that Plaintiff may be awarded under 42 U.S.C. § 1988:

| Date | Description | Amount |
|---|---|---|
| 4.2.21 | LA Court Connect fee | $23.00 |
| 5.25.21 | LA Court Connect Fee | $23.00 |
| 7.7.21 | LA Court Connect fee | $15.00 |
| 10.14.21 | Parking to serve city | $3.75 |
| 1.31.22 | Parking for Rule 26(f) conf | $9.00 |

---

[1] The Clerk also disallowed a fee described as "Clark MSJ Opp fee." Because of the deficiencies in documentation noted above, the exact amount of this fee is unclear.

closed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07607-RGK-JEM | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Kimberly Marroquin v. Unidentified LAPD Officer et al* | | |

| | | |
|---|---|---|
| 2.1.22 | Discovery mailed | $1.76 |
| 4.21.22 | 8GB thumb drive to expert | $30.00 |
| 4.21.22 | 32 GB thumb drive to expert | $50.00 |
| 6.2.22 | Parking of Kimberly re mediation | $16.00 |
| 6.8.22 | Downloaded docs from BLM lawsuit | $11.60 |
| 7.11.22 | Zipdrive re: Notice of Lodging Videos ISO MSJ | $30.00 |
| **TOTAL:** | | $213.11 |

Accordingly, the Court **GRANTS** the Motion with respect to the above miscellaneous costs and awards Plaintiff $213.11.

### C. Cost Reduction

In sum, the Court awards Plaintiff $1,610.60 in nontaxable costs for transcripts, deposition summaries, and other miscellaneous expenses. Defendant argues that any award of costs should be reduced by eighty percent, since Plaintiff initially asserted five claims but ultimately prevailed on only one. The Court disagrees. Plaintiffs often assert unsuccessful claims along with successful ones. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). Plaintiff's $500,000 jury verdict cannot fairly be characterized as a minor success. Moreover, Defendant provides no indication that any of the above costs are solely attributable to Plaintiff's unsuccessful claims. Accordingly, the Court declines to reduce the award.

## IV.  CONCLUSION

For the foregoing reason, the Court **GRANTS** the Motion **in part** and awards Plaintiff $1,610.60 in nontaxable costs, in addition to costs already taxed by the Clerk of Court.

**IT IS SO ORDERED.**

|  |  :  |
|---|---|
| Initials of Preparer | JRE/ak |